UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No.   2:26-cv-04374-SSS-DSRx                                    Date: June 12, 2026

Title      *Yidi Zhang v. Merrick Garland, et al.*

Present:  The Honorable:   SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

|  Irene Vazquez  |  Not Reported  |
| :---: | :---: |
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| :---: | :---: |
| None Present | None Present |

**Proceedings (In Chambers):  Order Dismissing Action Without Prejudice for Failure to Comply with Court Order**

On April 24, 2026, Plaintiff filed a Complaint and a Request to Proceed In Forma Pauperis ("IFP request").  [Dkts. 1-2].  Plaintiff, a permanent resident, alleged an unreasonable delay in the adjudication of her I-130 petitions for her relatives.  [Dkt. 1 at 4].

On May 5, 2026, the Court postponed a ruling on the IFP request and ordered Plaintiff to provide more information within 30 days.  [Dkt. 7].  First, the Court ordered Plaintiff to refile an IFP request that was answered completely and that explained how her average monthly expenses were paid.  *Id*.  In the alternative, the Court ordered Plaintiff to pay the filing fee.  *Id*.  Second, the Court ordered Plaintiff to refile a Complaint that was signed.  *Id*.  The Court warned Plaintiff that the failure to comply with the order within 30 days would lead to the dismissal of this action without prejudice.  *Id*.

As of this date, more than 30 days later, Plaintiff has not complied with the order in any respect.

A District Court has the inherent power under Federal Rule of Civil Procedure 41(b) to dismiss an action for failure to comply with the Court's order.  *Agnew v. Moody*, 330 F.2d 868, 871 (9th Cir. 1964) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 631 (1962)).  "[I]n order for a court to dismiss a case as a sanction, the district court must consider five factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and

---

CV-90 (03/15)                              Civil Minutes – General                              Page **1** of 2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:26-cv-04374-SSS-DSRx                                    Date: June 12, 2026

Title   *Yidi Zhang v. Merrick Garland, et al.*

(5) the availability of less drastic alternatives.'" *Yourish v. California Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).

Here, the first, second, third, and fifth factors weigh in favor of dismissal. *See Yourish*, 191 F.3d at 990 ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest.  Arguably, [the] petition has consumed some of the court's time that could have been devoted to other cases on the docket."); *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (recognizing that the law presumes injury to the defendants from unreasonable delay); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1229 (9th Cir. 2006) ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement.").  Although the fourth factor, the public policy favoring disposition of the case on the merits, weighs against dismissal, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Products Liability Litigation*, 460 F.3d at 1228.

In sum, four of the five factors weigh in favor of dismissal.  Accordingly, this action is dismissed without prejudice.

IT IS SO ORDERED.